Judge Crenshaw
delivered the opinion of the. Court.
John Berry, executor of the last will and testament of Eliza Ann Hamilton, moved the County Court of Bath county, to permit him to give bond and security, and be qualified as such executor. The Court overruled his motion, and he has brought the case to this Court.
Many witnesses were introduced, and a large volume of evidence was given upon the trial of this motion— all, in regard to the moral character, and the moral fitness of said Berry to be executor of said will. Much of this testimony involved particular transactions of Berry in a fiduciary and individual capacity, but we deem it altogether unnecessary to enter into an investigation of it, orto mention any impression which it has made upon our minds, either pro or con. It is sufficient for us to say, that the law has declared who may, and who may not be executor, and if Berry be a man whom the law allows to be appointed as such, it follows that, upon his motion to give bond and security;.and to qualify under the will, it was the duty of the County Court, if the security was sufficient, to permit him to give bond and be qualified as executor, and to grant him letters testamentary.
*192 If the opinions of men in regard to the moral characters of those who maybe appointed executors, and in whom testators repose confidence, whatever those opinions may be, are to be received, and are to constitute the evidence by which, in law, we are to ascertain who may, and who may not be, appointed executors, we apprehend that but few appointments would fail to be contested by some of the relatives of testators, who are often too easy to be dissatisfied, or, by peisons who themselves, desire to be administrators for personal aggrandizement, or, who would rejoice in so fit an opportunity to gi’atify some private hatred. Such enquiries would involve questions of very difficult and doubtful decision — such as, how good a man must be to qualify him for executor, and how bad he must be to disqualify him — how could any certain rule of determination be established. Enquiries of such a nature 'would be the most vague and uncertain in their results, of any ever instituted in a court of justice; and would, in our opinion, be absurd in the extreme.
Besides, to allow an inquisition of the sort would be to deny to men a privilege which for centuries has been held to be most sacred and dear — that of freely disposing of their own property to whom they please, and of appointing trustees of their own choice to manage and control it when they are no more. Whatever may be the opinions of men as to the propriety, or impropriety of a particular appointment, the very basis and foundation of the exercise of the right which society has granted to its members to appoint their own representatives after death, is the special confidence reposed by the testator in the appointee. And men, it seems to us, would care but little for the-high privilege of disposing of their estates to their own liking, if they are to be denied the right of selecting those who are to carry out and effectuate the benevolent purposes of their wills.
It is true, some persons are incapable of being executors — the law has pointed out who they are, and society has long been satisfied with the wisdom of the rules upon this subject.
All persons who are capable of making wills may be executors, and some others; (W7//-hamson Ex'ors. 112,) poveity or insolvency is no objection: (Ibid, U'9.)
An executor derives bis authority from the will, anil if he be one who is recognized by law as competent, the County Courts in Ky., have no right to refuse their qualifieation, >on account of any supposed defect of moral character^
In Williams out Executors, 1st vol, 118, it is said, “ there are few or none, who, by our law, are disabled on account of their crimes, from being executors: and, therefore, it has always been held that persons attainted or outlawed may sue as executors because they sue in auter droit, and for the benefit of the parties deceased.” The same author says, page 121, that “idiots aispl lunatics are incapable of being executors or administhators ; for these disabilities render them not only incapable of executing the trust reposed in them, but also by their insanity and want of understanding, they are incapable of determining whether they will take upon them the trust or not.” Whether an alien enemy can be an executor appears not to be fully settled.
The author whom we are quoting, oti page 112, lays down the doctrine that, “generally speaking, all persons who are capable of making wills, and some others besides, are capable of being made executor’s.” And says, that, “from the earliest, time it has been a rule, that every person may be an executor, saving such as are expressly forbidden.” It-is said, moreover, by this same author, on page 119, “that the spiritual Court cannot refuse to grant the probate of a will to a person appointed executor on account of his poverty or insolvency.”
The doctrine of the law as thus laid down by Williams, will be found to comport with the other standard authors'upon the same subject; and it is found that Berry comes not within any rule of law which prohibits him from being an executor.
An executor derives his office from a testamentary appointment. And, if he be a man, not prohibited by law from being an executor, the County Courts have no right to refuse his qualification.
The case of Day vs the Commonwealth, to which we have been referred as throwing some light upon this subject, is not, in our opinion, analogous in principle to the question under consideration. That is a case in which the County Court of Fleming refused to qualify *194 a deputy who was proposed by the sheriff, because the Court believed him unworthy. This Court remark substantially, in that case, that, though the sheriff has the power to appoint his own deputies, yet the public are interested in the faithful execution of the trust — that this power to appoint his deputies was not reposed in the sheriff for his individual benefit, but for the public good, and, therefore, the County Court must be admitted to possess some discretion in guarding the public against an abuse of this power. The difference in principle between that case and this, will be readily perceived without any comment from us.
Robinson <§• Johnson for plaintiff; Apperson, Hamilton, and French for defendants.
Wherefore, the judgment of the County Court is reversed, and the case remanded with instructions to permit the appellant to give bond with sufficient security, as required by law, mnd to be qualified as executor of the last will and testament of Eliza Ann Hamilton, should he make application to the Court to do so, and to grant him letters testamentary.