## Alice Clark, et al., v. Caroline Patterson.

### Gen. No. 11,163.

1. EXECUTOR—*when duty of court to grant letters to.* It is the duty of a court of probate to grant letters testamentary to the executor named in the will if he or she is "legally competent" and accepts the trust.

2. "LEGALLY COMPETENT"—*definition of, with respect to duty of court to issue letters testamentary.* These words mean that the person named as executor must be of legal age, of sound mind and memory, and untainted by conviction for a crime which renders the convicted person infamous.

Appeal from court of probate. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed June 3, 1904.

**Statement by the Court.** This is an appeal from an order of the Circuit Court overruling objections to the issue of letters testamentary or otherwise to appellee and to her appointment as executrix under the will of Jonathan Clark, deceased.

The said Jonathan Clark died February 5, 1902. By his will he nominated and appointed Edwin F. Bayley, the appellee, Caroline Patterson, and his son, George T. Clark, executors, and directed that no security be required of them other than their personal bonds. He bequeathed to them as trustees all his estate except household furniture and personal property pertaining to his home, which was left

to his wife. The trustees and their successors in trust are by the terms of the will to hold the residue of his property for and during the life of the last survivor of his wife and children and twenty years from the time of the death of such last survivor upon trust, to hold, manage, control and lease the same, and to collect the rents, income and profits therefrom and apply the same as provided in the will. He directs that appellee, Caroline Patterson, shall receive as compensation for her services as executrix and trustee the sum of $1,500 per annum so long as she shall live and act as executrix or trustee under the will, and also that she shall be paid out of the income of the estate $600 per annum during life, which provision is intended, as the will states, " as a recognition of her faithful and valuable services rendered " the testator during many years. By a codicil it is provided that if appellee shall die during the trust period and leave surviving her adopted child, Edgar C. Patterson, the $600 per annum last above referred to shall be paid to said adopted child during his life while the trust continues.

At the hearing of the petition for letters testamentary the widow, Alice Clark, appeared and objected in writing to the issue of such letters to appellee, and to her appointment as executrix. Like objections were filed by the other appellants. These objections were overruled by the Probate Court and letters testamentary were thereupon issued to all those nominated as executors in the will, including appellee. From this ruling an appeal to the Circuit Court was taken and specific objections by leave of said court were therein filed. Appellee interposed her oral demurrer and moved to overrule the objections because of alleged insufficiency in law. The Circuit Court sustained such motion, overruled all the objections, and approved and confirmed the order of the Probate Court; from which rulings each of the objectors jointly and severally have taken this appeal.

Before the entry of the final order of the Circuit Court, George T. Clark, one of the executors named in the will,

filed his petition adopting the objections before filed and asked leave to become a co objector. This petition the Circuit Court denied.

The objections to the appointment of appellee are that she is not a fit, competent, qualified or proper person to serve as executrix; that she has for a great many years held illicit sexual relations with the deceased and had so influenced him as to alienate his affections from his family; that by reason of her intimate business relations with the deceased as his secretary and general manager while said illicit relations continued, she received from the deceased, property, real and personal, the title to and possession of which it will be necessary for the executors and trustees under the will to contest with her; that by reason of her illicit sexual relations with the deceased, amounting to an open state of adultery and fornication known to the objectors and others, a feeling of hostility, antipathy, aversion and distrust arose and now exists between the family of the deceased and appellee; that her appointment as executrix would outrage the feelings of the family of the deceased, work serious disadvantage, inconvenience and discomfort to the beneficiaries under the alleged will, hinder and prevent the proper administration of the estate and cause needless expense and loss; and that by reason of his knowledge of the former relationship sustained by appellee to the deceased, said George T. Clark would be prevented from working in harmony with her and from having confidence in her morality, integrity and judgment as executrix.

The errors assigned are that the Circuit Court erred in ordering letters testamentary issued to appellee as one of the executors under the will and in rendering judgment for costs against appellants.

DUPEE, JUDAH, WILLARD & WOLF and MOSES, ROSENTHAL & KENNEDY, for appellants.

WILLIS SMITH and HENRY L. WALLACE, for appellee.

Clark v. Patterson.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Section 7 of the act in regard to Wills (R. S. chap. 148, sec. 7) provides that when any will shall be exhibited for probate, " it shall be the duty of the court to receive probate of the same without delay and to grant letters testamentary thereon to the person or persons entitled." The first section of the act in regard to the administration of estates (R. S. chap. 3, sec. 1) provides that when a will has been duly proved and allowed, the " court shall issue letters testamentary thereon to the executor named in such will if he is legally competent and accepts the .trust and gives bonds to discharge the same; and when there is no executor named in such will, or the executor named therein dies, refuses to act or is otherwise disqualified, the court shall commit the administration of the estate " to other parties whom the statute mentions. Section 3 of the same act provides that " in cases where the person appointed executor is at the time of proving the will a minor, of unsound mind or convicted of any crime rendering him infamous, administration with the will annexed may be granted, unless there is another executor who accepts the trust, and administers it until the minor arrives at full age or the other disability is removed." Section 5 of the act is as follows: " Where two or more executors are appointed in and by the same will, and one or more of them dies, refuses to take upon himself the executorship or is otherwise disqualified, letters testamentary shall be granted thereon to the other person or persons so named, not renouncing as aforesaid, and not disqualified." These are the statutory provisions deemed applicable in the case before us.

It is contended in behalf of appellants that the words " or otherwise disqualified " are equivalent to " in any way disqualified " or " in any way unfit," and do not relate to what precedes or succeeds; that any cause which will justify a court in removing an executor or administrator will justify refusing to appoint him, and that if unfit the court may and should disregard the nomination made in the will; that in

this state executors derive their power, not from the will but from the law, and hence that the whim of the testator in naming an executor should not be regarded as unalterable law.

As the statutes above referred to provide, it is the duty of the court to grant letters testamentary to the executor named in the will if he or she is "legally competent" and accepts the trust. This statute is mandatory. Appellants urge that whatever force be given to the words "legally competent" and "otherwise disqualified," appellee's relations to the testator, the estate and the beneficiaries under the will were and are such that she should not be appointed executrix. For the purposes of this controversy the charges against her moral character and conduct as made by the objectors may be regarded as admitted by demurrer and treated as true. The requirement of the statute is, however, only that the executor named in the will shall be "legally competent," not that his or her moral standards shall be above criticism.

It is urged in behalf of appellants and elaborately argued that there is a distinction between "disability" and "disqualification;" that the former is want of legal power or capacity to act, while the latter may exist where there is a want of personal suitability arising from misconduct or bad character, as alleged in the case at bar. If, however, the words "otherwise disqualified" be given the meaning contended for and regarded as equivalent to "in any way unfit," the unfitness must nevertheless be such as to create a legal disqualification—unfitness in point of law—in order to authorize a court to disregard the nomination of the testator and refuse letters testamentary to the executor named in the will. Unless so disqualified, appellee must be deemed "legally competent," however objectionable to other beneficiaries or to a co-executor.

The only question, therefore, we need further consider is whether the facts alleged in the petition, if true, make out a case of legal incompetence against appellee. One may be "legally competent" to act as executor, whether we

understand the word "competent" in the sense of being "fit" or "qualified" or "suitable" or "having ability or capacity," as the word has been defined, without being fit or suitable in every sense of the word. In a general way we understand one to be legally competent who possesses the qualifications demanded by law. Section 3 of the Administration Act provides that all persons of the required age, " of sound mind and memory, may be appointed executors," unless under conviction for a crime rendering him or her infamous. This appears to be the only statutory requirement in this state, and one who meets these and the common law conditions possesses the legal qualifications demanded.

We are not referred to any case decided in this state wherein the question before us has arisen. There are, however, decisions in other states which are in line with what we regard as the proper rule under our statute. Among these may be cited McGregor v. McGregor, 3 Abbott's Appeals (N. Y.) 92; Berry v. Hamilton, 54 Am. Decisions 515; In re Appeal of Ann Smith, 61 Conn. 420; In re Bauquier's Est., 88 Cal. 302, where, as in the case at bar, objection was made that the executrix named had in the lifetime of the testator received from him real and personal property in which said executrix then held an interest adverse to the estate. In these cases the general conclusion is that the court having authority to admit a will to probate cannot reject a person therein named as executor, except in cases where the law has specially so provided. In Holladay v. Holladay, 16 Oregon, 147, the court considers at length whether the letters testamentary may be refused to an executor named in the will who is not liable to any statutory disqualification, but who in the judgment of the court may be otherwise unfit or unsuitable, and concludes that the person named in the will as executor not being disqualified under the statute nor at common law, it was the duty of the court to appoint him. The common law forbade the appointment of one of unsound mind, but the rule was that all persons might be appointed who were capable of making a will; that " every person may be an executor

318    APPELLATE COURTS OF ILLINOIS.

VOL. 114.] Metropolitan Supply Co. v. Garden City Banking Co.

saving such as are expressly forbidden." Williams on Executors, 268. Hence it has been said that neither immorality, habitual drunkenness, attainder, outlawry for political offenses, conviction of crime, nor large indebtedness to the estate which the executor nominated denied, created a disqualification, though the party named in the will was obviously unsuitable. Idiots and lunatics were practically the only persons disqualified under the common law, and the rule now prevails generally that courts have no discretion in respect to the issue of letters to the person nominated in the will unless specially authorized or vested with discretion by statute. Kidd v. Bates, 41 L. R. A. 154.

We are not to be understood as holding that the nomination by the testator of a trustee may not be disregarded. That question is not before us. In Schouler's "Executors and Administrators," section 33, it is said that "the interests of creditors and legatees should be respected more than any gratification of the testator's caprice in selecting the trustee of those interests, and the proper execution of his will is paramount to the execution by any particular agency." This is applicable where discretion is given.

We conclude that any one is "legally competent" who could be appointed executor under the common law, and who does not fall within the special disabilities or disqualifications mentioned in our statutes above cited; and the court cannot refuse to appoint one nominated in the will who is thus legally competent.

The order of the Circuit Court must therefore be affirmed.

*Affirmed.*