## RIGHT TO APPOINTMENT OF A NON-RESIDENT AS EXECUTOR.

Court of Appeals for Hamilton County.

CLIFFORD SEASONGOOD v. PHILIP L. SEASONGOOD, ALBERT SEASON-
GOOD, AS EXECUTORS UNDER THE LAST WILL AND TESTA-
MENT OF LEWIS SEASONGOOD, DECEASED.

Decided, November 8, 1915.

*Executors and Administrators—Non-Resident May be Named as Execu-
tor, But an Administrator Must be a Resident of the State—Rules
of Court Must Give Way to Valid Statutes.*

A non-resident who has been named in a will as executor is entitled to
appointment if he be of age and of sound mind and untainted by
conviction of crime, notwithstanding a rule of court to the con-
trary.

*Clifford Seasongood* and *Murray Seasongood,* for plaintiff in
error.

*Paxton, Warrington & Seasongood* and *Robert P. Goldman,*
contra.

GORMAN, J.

It appears from the record that on November 29, 1914, Lewis
Seasongood, a resident of Cincinnati, Hamilton county, Ohio,
died testate, leaving a large estate, part of which was located
in Ohio and part in New York. In his will he named as his ex-
ecutors his three sons, Philip L., Albert and Clifford, and his
nephew, Murray Seasongood, and also nominated all of his exe-
cutors, except Albert, as testamentary trustees. All of these
were appointed as nominated in said will, by the Surrogate Court
of New York, on February 8, 1915. Clifford Seasongood is now
and was at the time of his father's death and when the will was
executed a resident of New York City, which fact was well
known to the testator at the time he nominated him as one of his
executors and testamentary trustees. He had for several years
prior to his father's death managed his father's realty and per-

sonalty in the state of New York and had been his father's personal advisor for many years and up to the time of his death. He is of legal age, a lawyer in good standing at the New York bar, and is in every way suitable, competent and well qualified to act as executor and testamentary trustee of his father's estate.

It appears that the Probate Court of Hamilton County, Ohio, on the presentation of said will for probate and record, and on the application of said Clifford Seasongood to be appointed as one of the executors and testamentary trustees thereof, refused and declined to appoint him solely on the ground that he, the court, could not appoint a non-resident of Ohio as executor or co-executor, however suitable and well qualified he might be, although it appears from the record that the widow and all the next of kin of the testator, as well as the other three executors, joined in the request for the appointment of said Clifford Seasongood. The court appointed the other three executors named in the will; and Clifford prosecuted error to the common pleas court to reverse the judgment of the probate court in refusing to appoint him. The common pleas court affirmed the probate court, and the plaintiff in error, Clifford Seasongood, is here asking this court to reverse the common pleas and the probate courts.

The sections of the General Code touching the appointment of testamentary trustees are 10591 and 10600 inclusive and 11029 to 11036 inclusive. The sections governing the·appointment of executors are 10605 and following, of the General Code.

By the provisions of Section 10605, General Code, the probate court, when a will is duly proved and allowed, shall issue letters testamentary thereon to the executor, if any be named therein, if he be legally competent and accepts the trust and gives bond if that be required.

Section 10591 provides that every trustee appointed in a will, before entering upon his duties, must execute a bond payable to the state, to the satisfaction of the probate court, conditioned for the faithful discharge of his duties as trustee, except that when the terms of the will provide that no bond need be given the

court may grant permission to the trustee to execute the trust with or without bond; but when granted without bond the court may thereafter, upon the application of an interested party, require a bond.

It appears from the record that there has been of long standing a rule of the Probate Court of Hamilton County—not especially authorized by statute—that executors, administrators, guardians and trustees must reside in Hamilton county.

The circuit court of this county, in the case of *Sargent* v. *Corbley*, 7 C.C.(N.S.), 226, held that notwithstanding this rule of the probate court a non-resident of Hamilton county, if a suitable person, might be appointed administrator.

It needs no citation of authorities or extended argument to satisfy us that a rule of court is not binding or valid unless in accordance with the law, either statutory or the common law, or is a reasonable exercise of the court's power to make and promulgate the rule. The rule of court must always give way if in conflict with a statute. *Van Ingen* v. *Berger*, 82 O. S., 255.

If the court refused to appoint Clifford Seasongood because of this rule of court, it would appear that this refusal on this ground can not be justified in the face of the statute, Section 10605, General Code, which requires the executor named in the will to be appointed if he be legally competent and will accept.

If we were to apply the rule at common law, that is, that part of it known as the ecclesiastical law, the executor named in the will, if not incompetent, must be appointed. The wishes and will of the testator were respected and enforced whenever possible. *Slaters* v. *May*, 2 Lord Raym, 1071; *Williams on Executors*, 7 Am. Ed., 270; *Smith's Appeal*, 61 Conn., 420.

In *Borland on Wills and Administration*, page 495 Section 189, the author says:

"By the theory of the common law the executor derived his powers directly from his appointment by the testator. The ecclesiastical courts could probate the will, but the executor did not need an appointment by them and they had very little control over him. * * * The testator might appoint any one as executor, whether qualified or not."

In *Rex* v. *Raines,* 1 Lord Rayme, 361, Carth. 457, 1 Holt, 310, it was held by Lord Holt that the appointment of the executor named by the testator was mandatory, even though the person named was improvident, dishonest and suspected by the legatees.

This decision was approved in *Marriott* v. *Marriott, 1 Strande,* 666.

When we come to examine and construe our statutes we should do so in the light of the common law rules and principles in force at the time of their enactment, and bearing upon the rules promulgated by the statutes under consideration.. The Legislature will not be presumed to have intended a repeal of the settled rules of the common law unless the language employed by it clearly expresses or imports such intention. *State, ex rel,* v. *Sullivan,* 81 O. S., 79.

Our statute, Section 10605, does not expressly forbid a non-resident of the state being appointed executor. It says that the probate court "shall issue letters testamentary thereon *to the executor * * * if he is legally competent,"* etc.

Who are competent persons and what is meant by "legally competent?" One is legally competent if he is of legal age, of sound mind and has not been convicted of a crime which renders him infamous.

In the case of *Clark* v. *Patterson,* 114 Ill. App., 312 (affirmed by Supreme Court of Ill., 214 Ill., 533), the court, in construing the words "legally competent" in a statute providing for the appointment of an executor if he be *legally competent,* said:

"The words 'legally competent' mean that the person named as executor must be of legal age, of sound mind and memory and untainted by conviction for crime which renders the convicted person infamous."

If the person nominated in the will as executor be not a minor, an idiot, a lunatic or insane, he is in contemplation of law legally competent. In the matter of the appointment of an administrator the statute further limits the qualification of the applicant beyond the requirements of an executor. While the probate court shall issue letters testamentary to the executor

named in the will when it is admitted to probate, if he is legally competent under Section 10605, the provisions relating to the appointment of administrators found in Section 10617, General Code, after setting out the persons entitled to administer the estate, subdivision 3 reads as follows:

"If the persons entitled to administration are incompetent or *evidently unsuitable for the discharge of the trust* * * * the court shall commit it to one or more of the principal creditors if there be any competent and willing to undertake the trust."

It will thus be seen that in the appointment of an administrator the court must take into consideration not only the competency of those entitled to administer the estate under the law, but must also determine whether or not the applicant for administration is a suitable or unsuitable person. He might be perfectly competent in law, or legally competent, so for as any legal disabilities are concerned, and yet be totally unsuitable or unfit to have the administration committed to him.

In the case *In re Ulhorn*, 12 C. C., 765, decided by the circuit court of this county in 1894, the court held that the probate court of this county in refusing to appoint a son of the testator as administrator with the will annexed, because he was a non-resident of this state, did not err, inasmuch as there was a discretion vested in the probate court to refuse or grant letters of administration to a non-resident applicant otherwise entitled to the appointment, because the removal statute, Section 10629, General Code, gave that court power to remove an administrator or executor among other grounds for removal from the state. If after appointing a person entitled to administer the estate the court could, under said Section 10629, remove him because he removed from the state, then manifestly it would not be an abuse of discretion on the part of the court to refuse to appoint him in the first instance if he was at the time of the refusal a non-resident of this state. Furthermore, in that case the applicant, the son of the testator, was not named in the will as executor, but he sought to be appointed administrator with the will annexed under Section 10612, General Code, and by the express

provisions of Section 10617, General Code, administration of the estate could be granted to residents of this state only.

Furthermore, for all that appears in the record of the Ulhorn case, the son applying for administration may have been an unsuitable person, and if so the court could refuse to appoint him on that ground. *Non constat,* but if in the Ulhorn case the son had been named as executor in the will and had been a competent person the circuit court might have held that his appointment as executor would be mandatory on the court. Indeed, the Ulhorn case can not be cited as an authority which is conclusive on this court in a case, as the one under consideration, where the testator with full knowledge of the fact of his son's non-residence names him as one of his executors. In the Ulhorn case the circuit court might with much better reason have based its decision on the provisions of Section 10617, General Code (then 6005, R. S.), which requires administrators (but not executors) to be residents of this state. No such limitation is found in the executor's statute, Section 10605.

The removal statute, Section 10629, does not require the probate court to remove an executor or administrator because of his removal from the state. This statute furnishes grounds for removal only. It says the court "may remove," etc. It is discretionary with the court to remove or not remove him because of non-residence after appointment; and even before the court may remove him on this ground the executor or administrator is entitled to twenty days' notice. We apprehend that if the probate court refused to remove an executor or administrator after his appointment because of his subsequent removal from the state, it would not ordinarily be held to be an error or abuse of the court's discretion.

In other states having provisions similar to ours with reference to the qualifications of executors and administrators and similar limitations on the appointing power, as well as removal statutes analagous to ours, the courts have in many instances held that the appointment of a legally competent executor named in the will is mandatory unless there is some statutory disqualification imposed, such as non-residence in the state.

*McGregor* v. *McGregor,* 40 N. Y., 133; *Berry* v. *Hamilton,* 51 Ky., 191; *In re Banquire,* 88 Cal., 302; *Halliday* v. *Halliday,* 16 Ore., 147; *Stevenson* v. *Cameron,* 191 S. W., 791.

In *Stevenson* v. *Cameron,* 191 S. W., 791, the probate court refused to appoint an otherwise competent person named in the will as executor, on the ground that he was a non-resident of the state, and the statute provided that absence from the state for three months furnished grounds for removal. The upper court on appeal reversed the lower court and held that he had a right to be appointed executor because the testator had named him as such. To the same effect are the cases of: *Corrigan* v. *Jones,* 14 Col., 311; *Fulgham* v. *Fulgham,* 119 Ala., 403; *In re Brown's Estate,* 18 Cal., 384; *Hecht* v. *Carey,* 13 Wyo., 154; *Walker* v. *Torrence,* 12 Ga., 604.

We think that our Supreme Court has at least inferentially held that it is the duty of the probate court to appoint as executor the person named in the will. In *Bank* v. *Telegraph Co.,* 79 O. S., 89, the court, on page 99, uses this language:

"When the plaintiff died, being at that time a resident of Clark county, and left a will nominating the plaintiff in error to be executor of the will, and the will was offered for probate in the probate court of that county, it became its duty to appoint the person named in the will to be executor, if there was no obstacle in the law as it then existed."

Again, in the case before us it appears that there were three other co-executors of Clifford Seasongood, all residents of Ohio, named jointly with him as executors of this estate, and surely if it were necessary to protect the executor's estate in Ohio from any mal-administration the probate court of this county would at all times have three executors out of the four citizens and residents of Hamilton county, Ohio, who would be answerable at any and all times to the beck and call and citation of the court. It appears also from the record that there is a large part of the testator's estate located in New York state, and it would appear to be eminently proper and helpful to the three resident co-executors of Clifford Seasongood that he should be a co-executor

so that he could with less inconvenience to all and with much greater facility and economy to the estate look after that part of the estate in New York. Evidently the testator carefully considered the benefits, desirability and even necessity of having his son, versed in the laws of New York, to act as co-executor of his will with the other three named by him. He saw, and we see, no legal impediment to his appointment; and from the standpoint of fitness and competency perhaps no better selection could be made. It was the testator's will that Clifford should be one of his executors, and that will should not be thwarted unless there be found some statute prohibiting this appointment or some rule of common law forbidding it. No statute disqualifies or forbids this son from acting as his father's executor or from being appointed by the court, and, as we have before said, the common law made his appointment mandatory. The mere fact that the probate court, under the removal statute, Section 10629, General Code, may remove an executor or administrator for removal from the state after his appointment, does not preclude the appointment of one named as co-executor with others in the will in the first instance. There is no irreconcilable inconsistency between the two Sections 10605 and 10629, General Code; the latter section merely rests a discretion in the probate court to remove for non-residence, whereas the former statute, 10605, appears to make the appointment of the person named in the will mandatory.

Clifford Seasongood is also named in his father's will as one of the testamentary trustees of the estate, and it would appear that the testator in law has the right to create a trust in his estate and name his trustee in his will. Indeed, the testamentary trustee does not get his authority to act by virtue of an appointment by the probate court, but through his designation as trustee by the testator in his will.

It is true the statute requires testamentary trustees to give bond before entering upon their duties unless excused from so doing by the terms of the will. But there is nothing said in the statutes about an appointment as testamentary trustee, or the issuance of letters to him as testamentary trustee, as there is in

the case of an executor under Section 10605, General Code. If
the testamentary trustee fails to give bond as ordered by the
court he shall be removed from the trust or be deemed to have
declined it (Section 10592). The court has power to appoint
only in case the testamentary trustee fails to give bond, declines
to accept, dies, resigns, becomes incapacitated or is removed from
the trust, and the will has made no provision for his successor
(Section 10596, General Code).

Trustees created by will executed outside of this state, whether
residents of this state or non-residents, are recognized by our
laws, and have the right to administer their trust in this state,
being required only to give bond as resident trustees are re-
quired to do where the trust is created by will in this state.
It would seem unreasonable to suppose that the Legislature
intended to prohibit a resident of this state from designating
a non-resident of this state as a testamentary trustee, and yet
permit a non-resident of this state to make a will outside of this
state, and designate therein a non-resident testamentary trustee
to act in this state and hold, control and dispose of property in
this state. The provisions with reference to testamentary trustees
recognize foreign testaments and foreign testamentary trustees,
but put them on the same legal footing as resident trustees ap-
pointed under domestic wills. The probate court's jurisdiction
over all testamentary trustees is regulatory only, and it may not
refuse to recognize a trustee designated in a will because he is a
non-resident of the state, but only if the trustee fails to accept by
giving bond or declines the trust. We conclude, therefore, that
Clifford Seasongood should have been allowed to give bond as one
of the testamentary trustees of his father's estate, notwithstand-
ing the fact of his non-residence. No statute forbids it any more
than it is forbidden to a non-resident testamentary trustee ap-
pointed under a foreign will to act as such trustee in this state.

The conclusion of the court is that Clifford Seasongood's ap-
pointment as co-executor and co-trustee under his father's will
is mandatory and should be recognized by the probate court by
accepting a proper and sufficient bond and issuing to him in con-

junction with his co-executors and co-trustees letters testamentary on his father's will.

Judgment of the common pleas and probate court reversed.

JONES (E. H.), J., and JONES (Oliver B.), J., concur.