## C. F. STEVENS v. B. F. CAMERON.

No. 1690. Decided April 24, 1907.

**Administration—Nonresident Widow—Renouncing Right.**

The right of the widow to administer the estate of the deceased husband is not dependent on her being a resident of the State, and a nonresident widow may renounce her right to administer, under article 1916, Revised Statutes, in favor of a resident of the State, and thereby confer on him a right to be appointed in preference to a creditor applying. (Pp. 516, 517.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Liberty County.

Stevens appealed from an order appointing Cameron administrator of an estate, and, on affirmance, obtained writ of error.

*Stevens & Pickett* and *J. F. Dabney,* for plaintiff in error.—The surviving husband or wife has the right to, by power of attorney, waive their right to appointment as administrator of the estate in favor of another qualified person named therein, to the exclusion of all others not equally entitled to appointment, who may be appointed administrator. Rev. Stats., arts. 1914, 1916, 1917.

The right of the surviving husband or wife to nominate a qualified person, by power of attorney, to be appointed administrator of the estate, is not discretionary with the court, but is a right given by law, which it is the duty of the court to protect and enforce. Rev. Stats., arts. 1914-1917, 1922, 2026; In re Estate of Cotter, 54 Cal., 215; In re Stevenson Estate, 72 Cal., 164; In re Dorris Estate, 93 Cal., 611; Ritchie v. McAuslin, 1 Haywood (N. C.), 220; Smith v. Munroe, 23 N. C., 345; In re Stewart's Estate, 18 Mont., 595; In re Estate of Bedell, 97 Cal., 339; Strong v. Dignan, 207 Ill., 385; In re Craigie's Estate, 60 Pac. Rep. (Mont.), 495; Branch v. Rankin, 108 Ill., 444; Little v. Berry, 94 N. C., 433; Succession of Bulliard, 35 So. Rep. (La.), 508; McLean v. Roller, 73 Pac. Rep., 1123.

The fact that the person entitled to nominate a person to act as administrator of an estate is not a resident of the State where the administration is pending does not deprive them of making such nomination. Same authorities.

*Marshall & Marshall,* for defendant in error.—The surviving wife and heir of Busselle, being nonresidents of the State of Texas, had no right to renounce in favor of appellant or any other qualified person. Sayles' Civ. Stats., art. 1916.

The laws of Texas, Sayles' Civil Statutes, article 2026, subdivision 4, make it the duty of the Probate Court, without notice, to remove an administrator who even absents himself from the State for three months, one term of court, without permission of the court. This article is pari materia of article 1916; was enacted at the same time—August 9, 1876 —and must be construed with article 1916 to determine whether a court should appoint a nonresident of Texas administrator when the original

administration is taken out in a Texas court.    And said article 2026 di-. vests the principals of appellant of any prior right by reason of their nonresidence.    Schendell v. Rogan, 94 Texas, 596; Taylor v. Hall, 71 Texas, 218; Bryan v. Sundberg, 5 Texas, 424; Keenan v. Perry, 24 Texas, 257; Bonner v. Hearne, 75 Texas, 252; Voight v. Gulf, etc., Ry. Co., 59 S. W. Rep., 579.

Article 2026, subdivision 4, providing for the revocation of letters of administration on the removal of the administrator from the State, im- pliedly prohibits a nonresident from receiving letters; and for this rea- son the next of kin of Busselle had no right to renounce.    Child v. Gratiot, 41 Ill., 357; Sarkie's App., 2 Pa. St., 157; Frick's App., 114. Pa. St., 29.

The fact of nonresidence, even in the absence of a statute making it a disqualification, may be considered by the court in determining the qualifications of the applicant, and letters may be refused on that ground.    O'Brien's Estate, 63 Iowa, 622; Radford v. Radford, 5 Dana (Ky.), 157; Bridgman v. Bridgman, 30 W. Va., 212.

GAINES, Chief Justice.—This case was instituted in County Court of Liberty County by an application by defendant in error, B. F. Cam- eron, to be appointed administrator of the estate of one J. T. Busselle; who had died a resident of that county.    Plaintiff in error resisted the application for the appointment of Cameron, and prayed that he be appointed, alleging that the surviving wife and the only surviving son of the decedent had nominated and appointed him to be the adminis- trator.    After a trial in that court defendant in error received the ap- pointment.    The case was appealed to the District Court, but there re- sulted in the same order, which, on appeal to the Court of Civil Ap- peals, was affirmed.

The cause was tried in the District Court on an agreed statement of facts.    From the agreement, it appears that Busselle died a resident of Liberty County, and that Cameron made application for letters of administration on behalf of a creditor of the estate; that the deceased left a wife and only one child, a son who was over twenty-one years of age, both of whom resided in the State of Iowa, and that they, by a power of attorney, duly authenticated and filed with the county clerk of Liberty County, had renounced their right to administer in favor of the plaintiff in error, C. F. Stevens.

The opinion, which seems to have prevailed in all the courts, was that, by reason of the fact that the widow and son of the deceased were nonresidents of the State, they were disqualified to administer upon the estate, and that, therefore, they could not designate the person to be ap- pointed.    We do not concur in either proposition.

The only provision which we have found in our statutes which ex- pressly disqualifies a person from being appointed an administrator of an estate is that contained in article 1910.    It is as follows: "Letters testamentary, or of administration, shall not be granted to any person who is under twenty-one years of age, or of unsound mind: provided, however, that such letters may be granted to a surviving husband or wife who may be under twenty-one years of age."    Now conceding, for sake of the argument, that, in adopting the common law, we adopted

the law as applied in the ecclesiastical courts of England, and that it was intended that the disqualifications of that system should apply, it does not support the theory that a nonresident can not be appointed administrator in this State. For, under that system, an alien was not legally disqualified to administer. (1 Williams on Executors, 7th Am. ed., 537.) It does not follow in any event, as we think, that other legal obstacles may not exist to an appointment as administrator than that mentioned in article 1910. In article 2027, among other grounds for the removal of executors or administrators, it is provided that, "where an executor or administrator becomes of unsound mind, or from any other cause is incapable of performing the duties of his trust," he may be removed. Clearly, one who may be removed for incapacity to perform the duties of the office should not be appointed. Such a doctrine would lead to the absurdity of making it the duty of the court to appoint one administrator of an estate and of then removing him.

But it is argued that, since the same article also provides for the removal of an administrator in case he absent himself from the State for the term of three months, without the permission of the court, therefore a nonresident is not qualified for appointment. This would be true, provided there was any law which prohibited the nonresident from coming to and remaining in the State during the time of the administration. But he may come to the State and administer the estate, and may remain until the business of the estate be settled and the administration closed. Should he absent himself for three months, or should he fail properly to attend to the duties of his trust, then he may be removed. Our conclusion upon this point is strengthened by the provision of article 1922 of the Revised Statutes. That article prescribes that, when a will has been probated in another State or territory, or even in a foreign country, and the executor has qualified, and a copy of the will and probate has been filed in any County Court of this State having jurisdiction of the estate, that any administrator previously appointed may be removed and letters testamentary may issue to the executor. This broad provision leaves no room to doubt that it was contemplated by the Legislature that letters might issue to a nonresident executor. If such was not the intention, the provision would have been limited to executors qualified abroad who were residents of this State.

It follows that Mrs. Busselle, the widow of the deceased, although a nonresident of the State, was, in our opinion, qualified to administer upon her deceased husband's estate, and was entitled to the appointment in case she had desired it.

Article 1916 of our Revised Statutes provides that "the surviving husband or wife, or, if there be no such survivor, the heirs or any one of the heirs of the deceased, to the exclusion of any person not equally entitled, may, in open court or by power of attorney, duly authenticated and filed with the clerk of the County Court of the county having jurisdiction of the estate, renounce his right to the administration in favor of some other qualified person, and thereupon the court may grant letters to such other person." This article clearly gave Mrs. Busselle the right to renounce her privilege of administering the estate and of designating the plaintiff in error to be appointed in her stead.

We are of the opinion that the judgment of the District Court and that of the Court of Civil Appeals should be reversed, and it is accordingly so ordered. It is further ordered that the cause be remanded to the District Court, with instructions to enter an order appointing the plaintiff in error, C. F. Stevens, administrator of the estate of J. T. Busselle, and that the order so entered be certified, as required by statute, to the County Court of Liberty County for observance.

*Reversed and Remanded, with Instructions.*