## KIMMONS et al. v. ABRAHAM.

(Court of Civil Appeals of Texas. Galveston. May 15, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

A proposition that in appointing an administrator de bonis non the court should take notice that the applicant was selected by attorneys whose interest was adverse to the estate is not germane to an assignment of error to the overruling of contestant's motion to require the attorneys for the applicant to state their authority and whether they represent the widow, where the answer to the motion admits that they do represent the widow, and are acting for the applicant to whom she has given a waiver of her right to administer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. ATTORNEY AND CLIENT (§ 113*)—DUTY TO CLIENT—ACTING FOR PARTIES ADVERSELY INTERESTED.

Under a statute authorizing the widow to waive her right to administer in favor of any qualified person, there is no impropriety in her attorneys selecting some one to act for her, and then representing the person selected in his application for appointment as administrator de bonis non, so long as they do not advise him in any matter concerning the claim of the widow.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 229; Dec. Dig. § 113.*]

3. EVIDENCE (§ 332*) — DOCUMENTARY EVIDENCE — RECORD BOOKS OF THE COUNTY COURT.

Under Sayles' Ann. Civ. St. 1897, art. 1850, expressly providing that the record books of the county court or certified copies thereof shall be evidence in any court in the state, an applicant for appointment as administrator de bonis non on trial de novo in the district court can read in evidence the orders of the county court made in the administration of the estate from the record books, and need not produce certified copies thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1237–1246; Dec. Dig. § 332.*]

4. EXECUTORS AND ADMINISTRATORS (§ 19*)— RENOUNCEMENT OF RIGHT TO ADMINISTER— REQUISITES.

Under Sayles' Ann. Civ. St. 1897, art. 1916, providing that a waiver of the widow's right to administer may be made in open court or by power of attorney filed with the clerk of the county court, where an application for letters of administration is tried de novo on appeal to the district court, a waiver filed with the clerk of the district court may be received in evidence.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 78–82; Dec. Dig. § 19.*]

5. EXECUTORS AND ADMINISTRATORS (§ 20*)— RENOUNCEMENT OF RIGHT TO ADMINISTER— IDENTITY OF SIGNER.

A recital in the waiver of a right to administer that the signer thereof was the widow of the decedent, who had remarried, is not evidence of that fact, and the waiver is inadmissible in an action for the appointment of an administrator de bonis non, in the absence of other evidence identifying the signer.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 83–105; Dec. Dig. § 20.*]

6. EVIDENCE (§ 265*)—ADMISSION—PLEADING SUBSEQUENTLY WITHDRAWN.

Such identity is not established by the allegations in the original answer which was substituted by an amended answer, where the original answer was not put in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

Appeal from District Court, Brazoria County; Wells Thompson, Judge.

Application in the county court by A. C. Abraham for appointment de bonis non against Elmer C. Kimmons and others, contestants. On trial de novo on appeal to the district court, judgment for the applicant, and contestants appeal. Reversed and remanded.

Elmer P. Stockwell, of Angleton, for appellants. H. Grass, of Alvin, and Munson & Munson, and Masterson & Rucks, all of Angleton, for appellee.

PLEASANTS, C. J. Appellee, A. C. Abraham, filed application in the county court of Brazoria county to be appointed administrator de bonis non of the estate of A. J. Kimmons, deceased. This application was contested by the appellants, Elmer C. Kimmons, Maude Jackson, joined by her husband, Tom Jackson, Virgie May Abbott, joined by her husband, George C. Abbott, Myrtle Cartee, joined by her husband, Guy W. Cartee, and Luke Kimmons by his guardian, Elmer P. Stockwell, all of whom objected to the appointment of an administrator de bonis non of said estate on the ground that no necessity for said administrator existed, but asked that, in event further administration of said estate was found necessary, appellant Elmer C. Kimmons be appointed such administrator. The trial in the county court resulted in an order granting the application of appellee Abraham, and appointing him administrator de bonis non of said estate. The contestants appealed from said order to the district court of said county, and upon a trial de novo in that court a like judgment was rendered. From this judgment the contestants below prosecute this appeal.

The records show that an administration was opened in the county court upon the estate of A. J. Kimmons, deceased, on April 22, 1903, and Jesse Hobbs was appointed administrator of said estate. Hobbs duly qualified as such administrator on April 28, 1903, and on May 30, 1903, filed an inventory and appraisement of the property of said estate. This inventory, which was approved July 15, 1903, shows the following to be all of the property belonging to said estate:

"Community property: Thirty acres of land being the homestead and described as follows: Lots seventeen (17), nineteen (19), and twenty (20), containing ten acres each in the subdivision of Section 25, Abstract 412, granted Edwin C. Lewis, H. T. & B. Survey, value $1,500.00.

"Personal property: One mare of the value of $30.00. Two cows of the value of $30.00.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

"On which personal property the Alvin Exchange Bank holds a chattel mortgage for the sum of two hundred and seventy five dollars, also a lot of old plunder consisting of farm implements, old sash, household and kitchen furniture, hot bed for plants in bad condition, of the probable value of $10.00.

"Total value $1,570.00."

On the day the inventory was approved the court on the application of L. M. Kimmons, widow of the deceased, entered an order making an allowance of $300 for a year's support of said widow and the two minor children of herself and the deceased, and ordering the administrator to pay same out of the assets of the estate. On July 16, 1906, an order was entered reciting that no part of said allowance had been paid; and, there being no funds in the hands of the administrator to pay same, he was ordered to sell the land described in the inventory to raise the money necessary to pay said allowance. No sale of the land was made under this order. On April 16, 1907, the court accepted the resignation of Jesse Hobbs as administrator, approved his report showing what funds had come into his hands and his disposition of same, and released and discharged him from further obligation on his bond as such administrator. This report shows that $100 had been paid the widow upon said $300 allowance. Neither the report or the order discharging the administrator shows any disposition of the property of the estate described in the inventory. The contestant, Elmer C. Kimmons, is the eldest son of the deceased, A. J. Kimmons, and the other contestants are the brother and sisters of said Elmer, said sisters being joined in this contest by their respective husbands. Neither the appellee, A. C. Abraham, nor the appellant Elmer C. Kimmons is disqualified to act as administrator of said estate.

[1] The first and second assignments of error complain of the ruling of the trial court refusing to grant a motion filed by appellants to compel the attorneys representing the appellee to show their authority to act as his attorneys, and to disclose whether or not they represented the widow of the deceased, and have a contract with her by which it is agreed that they shall receive one-half of whatever she may get from said estate, and shall "pay their own costs and expenses." In support of this motion, appellants alleged that they had reason to believe, and, so believing, allege, "that the widow of A. J. Kimmons a number of years ago when the first administration was opened made a contract with Judge H. Grass by which he was to get what he could out of said estate; that he was to pay any costs that might be adjudged against them, and he was to keep one half of whatever he could get, paying to her the other half, and she was to sign such papers as he required and allow her

158 S.W.—17

name used in the undertaking. The said H. Grass, acting under such agreement, had Judge Jesse Hobbs appointed administrator on the written waiver of the said widow, and acted as attorney for such administrator in the former proceeding in this court, in which proceding he and the said widow got all that the estate produced. Judge Jesse Hobbs became dissatisfied, and resigned. Since then a number of efforts have been made by the said attorney to get more out of his contract, and it is alleged that he has now associated with him the firm of Masterson & Rucks and Munson & Munson. Contestants do not know on what terms, but allege that they are employed by H. Grass, and are to get their pay out of said estate. The said attorneys have together selected the said applicant, A. C. Abraham, to act as administrator and have filed a paper purporting to be a waiver from such widow in his favor. And it is alleged that the only authority they have is the contract with the said widow, and the only fees they are to receive are such as they can get out of the said estate, and half of such sums as they may be able to get out of the said estate in way of allowance to widow and minor children and property." In answer to this motion attorneys for appellee admit that they represent the widow of the deceased in her efforts to have said administration closed and to obtain from said estate the allowance due her and her portion of the property of the estate. They aver that said widow had waived her right to administer the estate in favor of appellee, and that the application for appellee's appointment was filed with his consent; and the only fee which said attorneys can obtain from the estate for representing the applicant is such reasonable fee as the court may deem proper to allow them. The attorneys who filed said answer, Messrs. Masterson & Rucks and Munson & Munson, say that they were employed by their co-counsel, H. Grass, who was not present at the trial of the case, and with whom they had no opportunity to confer after the filing of the motion, but that they have no knowledge of a contract between the said Grass and the widow of deceased by which he was to receive one-half of whatever was recovered by the widow from the estate, and was to pay whatever costs might be adjudged against her.

There is no merit in the assignments. In the first place, the questions sought to be raised by the assignments are not presented by the record. The bill of exceptions taken by the appellants to the ruling of the court on the motion is to the refusal of the court to "require attorneys for the applicant to show their authority to act in this suit." The answer of the attorneys as before shown fully discloses their authority to act as attorneys for the applicant, and hence there was no occasion for any order of the court

requiring them to show such authority. The transcript contains no order of the court on the motion entered in the minutes, but contains a copy of the following order taken from the judge's docket: "The court refuses the motion to require the attorneys to disclose the fee they are to receive in this case, to which attorney Stockwell for his clients, the Kimmons, excepts." The only proposition under the assignment is as follows: "The fact that attorneys whose interest and employment are adverse to the interest of the estate select the administrator is a matter which the court should take notice of in appointing an administrator de bonis non." This proposition is not germane to the assignments, and we confess our inability to understand either from the record or the brief what act or omission of the court in reference to the motion appellants consider prejudicial to their rights. The record does not show that appellee, Abraham, was selected by the attorneys representing him in this case to act as administrator of the estate; but, if he was selected by them, that fact, taken in connection with the further fact that said attorneys also represented the widow in asserting or protesting her rights in the estate, would not disqualify Abraham from acting as such administrator.

[2] The statute gives the widow the first right to administer the estate, and authorizes her to waive that right in favor of any qualified person she may select to act as administrator, and in exercising this right there is no impropriety in her attorneys selecting the person they deem best fitted to act and of her waiving her right in favor of the person so selected; nor is there any impropriety in her attorneys representing the person so selected in making his application for appointment as administrator. After such person has been appointed, it goes without saying that the attorneys for the widow could not properly represent or advise the administrator in any matter affecting any claim of the widow against the estate, but there is nothing in the record to indicate that the attorneys for appellee are lacking in any sense of propriety in this regard, and that question is not presented either by the assignments or the proposition thereunder.

[3] The third assignment which complains of the ruling of the court in permitting appellee to read in evidence from the record books of the county court of Brazoria county the orders of said court made in the administration of the estate over appellant's objection that certified copies of the orders should have been offered and not the original orders as they appear in the minutes of said court cannot be sustained. Article 1850 of Sayles' Civil Statutes expressly provides that "said record books, or certified copies therefrom, shall be evidence in any of the courts of this state."

[4, 5] The fourth assignment of error com-plains of the ruling of the court in admitting in evidence, over appellants' objection, an instrument executed by Mrs. M. L. Bain, joined by her husband, A. W. Bain, nominating appellee, A. C. Abraham, administrator de bonis non of the estate of A. J. Kimmons, and waiving their right to administer said estate in favor of said Abraham. The objections of appellants to the introduction of this instrument were that it was not filed with the county clerk of Brazoria county, as required by the statute, that there was no evidence offered showing that either of the grantors in said instrument had any right to administer said estate, and no evidence that Mrs. M. L. Bain was the surviving wife of said A. J. Kimmons. We think this assignment should be sustained. The objection that the instrument was not filed with the county clerk was not a valid objection to its introduction in evidence. Article 1916, Sayles' Civil Statutes, which provides that such waiver may be made in open court or by a power of attorney filed with the clerk of the county court of the county having jurisdiction of the estate, applies to a waiver offered in evidence on the hearing of an application for appointment of an administrator by such court, and we think on a trial de novo of such application on appeal to the district court the purpose of the statute is met by filing the waiver with the clerk of the district court in which the cause is tried. It is clear, however, that the instrument in question was not admissible to show any right in appellee to be appointed administrator superior to that of appellant Elmer C. Kimmons, unless it was executed by the widow of the deceased. Articles 1914 and 1916, Sayles' Civil Statutes. No evidence was offered to show that the M. L. Bain, who with her husband, A. W. Bain, executed said instrument, was formerly M. L. Kimmons, the widow of the deceased. The recital in the instrument that she was such widow is not evidence of that fact, and in the absence of such evidence the instrument was not admissible as a waiver executed by said widow.

[6] Appellee relies upon certain allegations in the original answer filed by appellants in the county court to show that M. L. Bain who signed said instrument was the same person as M. L. Kimmons, the widow of the deceased. This original answer of the contestants was superseded by an amended pleading filed by them in the district court, and was not offered in evidence on the trial in the district court. If it be conceded, for the sake of argument, that the allegations mentioned were sufficient to establish the fact that Mrs. Bain was formerly Mrs. M. L. Kimmons, the widow of the deceased, they cannot be considered for such purpose because they were abandoned by appellants and were not put in evidence by appellee.

If any error is shown by any of the remaining assignments, it is not such as is likely to occur upon another trial, and it is

therefore unnecessary to discuss said assignments.

For the error above pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.