DOOLEY v. DOOLEY. (No. 816.)

(Court of Civil Appeals of Texas. Beaumont. April 27, 1922.)

I. Executors and administrators ⚫▭18—Enmity of brothers and sisters no ground of disqualification.

The fact that some of the brothers and sisters of one applying for letters of administration on the estate of his mother are his enemies and oppose his appointment is no ground for disqualification.

2. Executors and administrators ⚫▭17(1)— Appointment of stranger as administrator contrary to policy of law.

It is not the policy of the law that an estate of a decedent should fall into the hands of strangers, and, where a relative applying for appointment is qualified, a stranger should not be appointed in his stead simply because his brothers and sisters could not work with him on account of enmity existing between them, under Rev. St. art. 3282.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

In the matter of the estate of Frances F. Dooley, deceased. Contest between Claude O. Dooley and Charles M. Dooley for letters of administration de bonis non. Judgment in favor of Charles M. Dooley, and the other contestant appeals. Reversed and remanded for new trial.

S. H. Brashear, of Houston, for appellant. Dannenbaum, Amerman & Sears, of Houston, for appellee.

WALKER, J. This was a contest between appellant, Claude O. Dooley, and appellee, Charles M. Dooley, for letters of administration de bonis non on the estate of their deceased mother, Frances F. Dooley, who died in the city of Houston, Harris county, Tex., on the 17th day of February, 1917, leaving eight children surviving her. The estate was of the probable value of $235,000, with liabilities of about $110,000. The administration was pending in Harris county. On her death, her son-in-law, C. W. Cahoon, who lived in Chicago, Ill., was appointed administrator, and performed the duties of his appointment through agents until he resigned on the 30th day of June, 1920. At first he appointed a man named Mills agent, but, as Mills was not satisfactory to all the children, about a year before Cahoon resigned, he appointed appellant agent. This was done at the request of some of the children and without opposition from any of them. The estate consisted mostly of real property, and with the exception of a large office and store building, and about $20,000 in vendor's lien notes, was mostly nonrevenue producing. When Cahoon filed his final report as administrator, praying that he be allowed to resign, appellant filed his petition, praying that he might be appointed administrator de bonis non. Appellee, Charles M. Dooley, filed his petition, contesting appellant's application, and praying that he be appointed. His grounds of contest were that appellant, as agent of the administrator, had mismanaged the estate; that he had made no reasonable efforts to close the administration, and if appointed would not close the administration; that the estate was in condition to be closed, as the real estate could be sold very advantageously, and—

"petitioner further represents that, if letters of administration are not granted to him, the same should not be granted to Claude O. Dooley or any other one of the heirs of Mrs. Frances F. Dooley, deceased, for the reason that there exists, and has existed for a number of years, serious differences of opinion among such heirs with reference to said estate, as well as of a personal character, and that the appointment of any of such heirs as such administrator will likely result in division and friction among them and a lack of co-operation in disposing of the property and in closing said estate, which is required for the best interest of all."

Three of the children joined appellee in his contest and application. The remaining

---

⚫▭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

three, though not formally joining appellant in his petition, were friendly to him, and wanted him appointed. In probate court both applications were denied, and Houston Land & Trust Company was appointed administrator. On appeal to the district court, the case was tried to a jury on the following charge:

"This case will be submitted to you upon what is known in law as special issues, your answers to which will be your only verdict in the case.

"By the term 'capable,' as that term is used in the following question, is meant, endued with power or ability to conduct the administration of said estate with a reasonable degree of success. And in answering such question you will be governed by this definition.

"Special issue No. 1. Is Claude O. Dooley, capable, under all the facts and circumstances found by you from the evidence to exist, to perform the duties of administrator of said estate if he were appointed such? Answer 'Yes' or 'No' as you find the facts to be."

The special issue submitted was answered, "No." On the verdict of the jury and the conditional waiver of appellees, both applications were again denied, and Houston Land & Trust Company was again appointed. Only appellant and his brother Fred testified on the merits of the petitions. Robert Ring testified as to the qualification of Houston Land & Trust Company. From the testimony of appellant and his brother Fred, it appears that serious differences have arisen among the children as to the management of the estate. Appellant was no more to blame for this condition than appellees. As agent of the administrator, appellant was honest, and it seems managed the estate with a reasonable degree of success. We have examined all the testimony offered, and do not find one scintilla of evidence in the record sustaining the charge of legal disqualification against appellant.

[1] The fact that some of his brothers and sisters are his enemies and oppose his appointment is no ground of disqualification, and the court erred in refusing, on request of appellant, to so charge the jury.

This case is controlled by the following principles announced by Judge Simkins in his Administration of Estates in Texas, p. 49:

"It is not the policy of the law that the estate should fall into the hands of strangers, or in the hands of persons handicapped by any kind of disability, so article 3277 provides that 'letters of administration shall not be granted to any person under 21 years of age, or of unsound mind, except in cases where the minor is a husband or wife of deceased.' By article 3281 we have the order of preference in the appointment of administrators, and this order is a legal right in case of contest for the administration, unless waived by any preferred party. Article 3283; 62 T. 221; 61 T. 690."

The eight children were all equally entitled to the appointment, unless disqualified.

It is conceded by all parties that Charles M. Dooley was qualified. It is undisputed that appellant possessed the necessary statutory qualifications. If we give full effect to the proposition announced by the Supreme Court in Stevens. v. Cameron, 100 Tex. 517, 101 S. W. 792, "It does not follow in any event, as we think, that other legal obstacles may not exist to an appointment as administrator than that mentioned in article 1910 [now 3277]," certainly, it must follow that the burden rested on appellees to allege and prove such additional grounds of disqualification. This they did not do. They alleged that as agent of the administrator, appellant had mismanaged the estate. Not a scintilla of evidence was offered to sustain that charge. They alleged that he had not tried to close the administration. No testimony was offered to sustain that charge. It appears that he had worked with appellees in trying to sell the property, and had at one time waived a commission to effect a sale. He testified that he was anxious to close the estate, and nothing appeared to the contrary. They alleged that he should not be appointed because of family differences. The nature, extent, and cause of these differences were not clearly alleged, but from the evidence it appears that appellees must share the blame equally with appellant. Appellant's petition for appointment as administrator was based on a "legal right," and his enemies among his brothers and sisters could not defeat that right by showing that they could not work with him. As administrator, appellant would have the right to manage the estate without interference from appellees. His bond would be their protection. If he should mismanage the estate and willfully refuse to close it, appellees have full legal protection through the probate court.

[2] On the undisputed evidence in this case, we believe the trial court erred in setting aside the statutory order of preference in the appointment of administrator, and in appointing a stranger, for, as said by Judge Simkins, in the quotation above given, "it is not the policy of the law that the estate should fall into the hands of strangers." Either appellant or his brother Charles M., or both of them, should have been appointed. On the facts of this case, the appointment of an administrator should be made under the provisions of article 3282, Revised Civil Statutes, which is as follows:

"When applicants are equally entitled, the letters shall be granted to the applicant who, in the judgment of the court, is most likely to administer the estate advantageously, or they may be granted to any two or three of such applicants."

For the error discussed, the judgment of the trial court in this case is reversed, and the cause remanded for a new trial on its merits.

Reversed and remanded.