### JACOBS et al. v. STANFORD et al.
#### (No. 1869.)

(Court of Civil Appeals of Texas. El Paso. March 18, 1926. Rehearing Denied April 15, 1926.)

Executors and administrators ☞22(1)—Failure of clerk to issue citation returnable to term succeeding appointment of temporary administrator held not to terminate temporary administration or deprive probate court of authority to appoint him permanent administrator at later term after issue of citation (Rev. St. 1911, art. 3300, as amended by Acts 37th Leg. [1921] c. 71 [Vernon's Ann. Civ. St. Supp. 1922, art. 3300]).

Where temporary administrator had been appointed failure of clerk to issue citation, under Rev. St. 1911, art. 3300, as amended by Acts 37th Leg. (1921) c. 71 (Vernon's Ann. Civ. St. Supp. 1922, art. 3300), returnable to next term, *held* not to terminate temporary administration or deprive probate court of jurisdiction to appoint him permanent administrator at a later term after citation had been issued.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

Suit by Bettie Lou Jacobs and others against W. E. Stanford and others. From an order of dismissal on sustaining a plea in abatement, plaintiffs appeal. Affirmed.

Brooks, Smith & Robinson, of Anson, for appellants.

Murchison & Davis, C. Grissom, and Ratliff & Ratliff, all of Haskell, for appellees.

HIGGINS, J. J. H. Stanford died intestate. His heirs at law were four children and three children of a child who preceded him in death. He left an estate and owed debts. At the September term, 1924, of the county court of Haskell county, W. B. Watson was appointed temporary administrator of his estate and qualified as such. Citation did not issue returnable to the succeeding November term as required by chapter 71, Acts 37th Legislature, p. 139 (Vernon's Ann. Civ. St. Supp. 1922, Art. 3300). Nor was such citation issued returnable to the January term, 1925. The record does not disclose the reason for the failure of the clerk to issue citation as provided by such act. Citation did not issue until February 20, 1925. This was returnable to the March term, 1925, at which term Watson's appointment was made permanent and he qualified as such. No orders were made at the previous two terms continuing the temporary administration granted at the September term. On February 21, 1925, the grandchildren of the decedent filed this suit against Watson and the four children of the decedent for partition of a tract of land belonging to the estate of the decedent. As against Watson it was alleged he was claiming some interest by virtue of appointment on September 16, 1924, as temporary administrator, but by the terms of his appointment he was to serve as such until the first Monday in November, 1924, and said temporary appointment had ceased.

The defendants filed a plea in abatement setting up the pendency of the permanent administration and the necessity therefor, which plea was sustained on April 28, 1925, and the suit dismissed. From the order of dismissal the plaintiffs appeal. In effect their contention is that the temporary administration terminated because of the failure to issue citation returnable to the November term as by law required, and because of the failure of the probate court at the November and January terms to enter orders continuing the temporary administration; wherefore, the appointment of Watson as permanent administrator at the March term was void, and since no valid administration was pending they had the right to maintain this suit for partition.

The action of the court in sustaining the plea in abatement was proper.

The act cited above amended article 3300, R. S. 1911, which provided that—

An appointment as temporary administrator "shall cease to be of force on the day designated for taking up probate business at the first term of the court held next after the date thereof, unless at such term it be continued in force by an order entered upon the minutes in open court; and in no case shall such appointment continue in force beyond the day designated."

This provision was entirely eliminated by the act cited. Article 3300 as amended by such act (Vernon's Ann. Civ. St. Supp. 1922, art. 3300) reads:

"The order of the court in making such appointment shall state that unless the same is contested at the next regular term of the court, after service of citation, the same shall be made permanent, provided the court is of the opinion that a permanent administrator is necessary."

The amended act does not in terms provide for the lapsing of a temporary administration, by the failure of the court to continue the same in force from term to term by orders made at each succeeding term as under the old law. Whether or not, under the law as amended, a failure to make such orders nullifies all acts of a temporary administrator subsequent to the first term after the appointment, need not be decided, because this case does not involve the validity of any act of the temporary administrator. The amended act contemplates that a temporary appointment shall be made permanent at the succeeding term if necessary, and provides for citation returnable to such term citing all persons interested in the welfare of the estate to appear at that term and contest the permanent appointment if they desire to do so.

This is a case in which, for some reason not disclosed by the record, the clerk failed to issue citation as promptly as he should have done under the law. The case is simply one of delay in the issuance and service of citation, and this did not deprive the probate court of authority to make the appointment permanent at a later term, after the due issuance and service of citation. In any event, it did not render null and void the order making the appointment permanent, and thus subject the same to collateral attack, as is here attempted to be done.

Affirmed.