**ECKEBERGER et al. v. STROUD.**

**No. 1846.**

Court of Civil Appeals of Texas. Waco.

Feb. 11, 1937.

Rehearing Denied April 15, 1937.

Lem Wray and H. R. Stovall, both of Waxahachie, for appellants.

J. T. Spencer, of Waxahachie, for appellee.

GALLAGHER, Chief Justice.

A brief recital of the facts involved is necessary. Mrs. Mary D. Woodring died on May 27, 1934. Her husband, Felix H. Woodring, died many years before she did. Appellee, K. G. Stroud, on October 27, 1934, applied to the judge of the county court of Ellis county for letters testamentary on the estate of both said decedents. He alleged that the estate of said parties consisted of a farm of 114 acres, rent money in the bank amounting to about $350, and certain notes belonging to said Mrs. Woodring individually, and that an administration was necessary because said notes ought to be collected and certain debts against the estate of Mrs. Woodring ought to be paid. He prayed that he be appointed temporary administrator, with power to collect debts and pay debts, and that other and necessary orders be made in the premises. The county judge, on said day and date, made an order appointing said Stroud temporary administrator of the estates of both said decedents and empowering him to take charge of such estates, manage and control the same, collect all rents due, take charge of all money, pay debts when properly proved, and do such other things as the court might order him to do. The court did not state in such order that such appointment, unless contested at the next regular term after service of citation, would be made permanent, as required by R.S art. 3375. Stroud promptly qualified as such temporary administrator. The clerk of the court did not issue citation to all persons interested to appear at the next term of the court and contest such appointment if they desired to do so and state therein that if not contested, such administration would become permanent, as provided by R.S. art. 3376. No further orders of the court in the temporary administration are shown.

Appellant Mrs. Mabel Eckeberger, joined pro forma by her husband, on August 1,

1935, filed in the county court an application in which she alleged the death of both decedents, the subsequent appointment of appellee as temporary administrator of their estates and his due qualification as such. She further alleged therein that said temporary administration had ceased because it had not been continued at any subsequent term of the court nor made permanent after notice; that said estates were not fully administered, and prayed that she be appointed administratrix de bonis non. She also included in said application alternative allegations that said parties were dead; that the court had jurisdiction of their estates; that a necessity for administration thereon existed, and prayed that in event the court did not deem an administration de bonis non proper, that she be granted original letters of administration. Stroud, on August 13, 1935, filed an application in said court alleging that he was temporary administrator of said estate; that the same had not been fully administered, and asked that such administration be made permanent. Mrs. Eckeberger promptly filed a pleading contesting his right to be appointed permanent administrator. Citations upon such respective applications, returnable on or prior to August 26, 1935, were duly issued and served. The court heard both applications on said date. Mrs. Eckeberger's contest of the application of Stroud consisted of exceptions, and allegations that Stroud was not related in any way to either of the decedents, but that he had been appointed temporary administrator at the request or suggestion of one or more of the children of both decedents, and that she was a grandchild of the deceased Felix H. Woodring and his first wife. All of her exceptions were overruled by the court and an order was entered appointing Stroud permanent administrator and denying her application for such appointment. She prosecuted an appeal to the district court.

The case was heard by the district court on appeal on September 12, 1935. The court found that two of the children of said decedents had waived their right to be appointed administrator of said estates and had requested that said Stroud be appointed administrator thereof, and entered an order appointing him as such. Mrs. Eckeberger's application for such appointment was expressly denied. She and her husband have prosecuted an appeal to this court on a supersedeas bond.

## Opinion.

Mrs. Eckeberger's first contention is that the appointment of Stroud as temporary administrator was null and void because of the irregularities hereinbefore noted; that such appointment could not therefore be made the basis of an order making such administration permanent, nor of an order appointing Stroud as permanent administrator. The jurisdiction of the county court over the decedents' estates is not questioned and all presumptions are in favor of the validity of the proceedings assailed. 13 Tex.Jur. p. 637, § 52. While the order appointing the temporary administrator does omit the specific provision that the same, unless contested, shall be made permanent at the next regular term of the court, there is nothing therein in any way inconsistent with such action and such omission is therefore wholly insufficient to render the appointment nugatory. The duty of the clerk to issue citation in such cases is imposed affirmatively by the terms of the statute. R.S. art. 3377. His failure to do so did not terminate the temporary administration, nor deprive the court of jurisdiction to make such administration permanent at a later term after such citation had been issued and duly served. Jacobs v. Stanford (Tex.Civ.App.) 283 S. W. 540. Her contention is therefore overruled.

Mrs. Eckeberger's next and last contention is that since she was a granddaughter of the deceased Felix H. Woodring, and since Stroud was not related to either of the decedents by consanguinity or affinity, the court at her request should have revoked the prior appointment of Stroud as temporary administrator and should have appointed her permanent administrator in his stead. Felix H. Woodring was married twice. Two children, a son and daughter, were born of his first marriage. Neither of them are living. Mrs. Eckeberger is the daughter of the deceased son. The decedent Mrs. Mary D. Woodring was the second wife of Felix H. Woodring. Seven children were born of said second marriage, four of whom were living at the death of Mrs. Woodring. Two of said surviving children waived their respective rights to administer on said estates and requested Stroud to apply for letters of administration thereon. Such request is shown by the pleadings of both parties and by the affirmative testimony of

both of said survivors given in open court at the trial. Pertinent statutes provide that letters of administration shall be granted to the next of kin of the deceased, the nearest in the order of descent first, and that any one of the heirs of a deceased person, to the exclusion of any person not equally entitled, may in open court renounce his right to administer in favor of some other qualified person, and thereupon the court may grant letters to such person. R.S. arts. 3357 and 3359. The record shows that the principal asset of said estates was a farm of 114 acres owned jointly by the decedents. Mrs. Eckeberger therefore had no interest in a part of the estate upon which she sought to administer. The surviving children of the second marriage, who renounced their right to administer in favor of Stroud, were interested as heirs in the estates of both decedents and related to them in the first degree. Mrs. Eckeberger was related to the deceased Felix H. Woodring only, and in the second degree. The right of said surviving children of the second marriage to administer on said estate was therefore superior to any right to administer thereon on the part of Mrs. Eckeberger, and such superior right was renounced by them in favor of Stroud. The court did not err in granting letters of administration to him. Stevens v. Cameron, 100 Tex. 515, 101 S.W. 791; Kimmons v. Abraham (Tex.Civ.App.) 158 S.W. 256, 258, par. 2.; 13 Tex.Jur. p. 666, § 81.

The judgment of the trial court is affirmed.