## SCHWALBE et al. v. COOPER.
### No. 2804.

Court of Civil Appeals of Texas. Waco.

May 6, 1948.

Rehearing Denied May 27, 1948.

Tom R. Mears, of Gatesville, for appellants.

L. M. Stinnett, of Gatesville, for appellee.

TIREY, Justice.

This is an appeal from the judgment of the district court appointing B. K. Cooper administrator of the estate of Bertye Key. B. K. Cooper made application to the county court of Coryell county to be appointed administrator of the estate of Bertye Key, deceased. Howard B. Key, the surviving husband, waived his right, under the provisions of art. 3359, Vernon's Ann.Civ.Stats., to be appointed administrator of his wife's estate in favor of B. K. Cooper, who is a stranger to the estate. Mary Louise Schwalbe, a daughter by a prior marriage, joined by her husband, contested the appointment of B. K. Cooper as administrator and requested the court to appoint her administratrix of her mother's estate. The judgment of the county court was adverse to her and she appealed to the district court, which judgment was also adverse to her, and she and her husband have appealed.

At the request of appellants the court filed findings of fact and conclusions of law as follows:

"Findings of Fact.

"1. I find that Mrs. Bertye Key died intestate in Coryell County, Texas, on or about December 4th, 1946, where her residence and principal estate were situated.

"2. I find that she left surviving her, her husband, Howard Key, and one child, a daughter by a former marriage, Mary Louise Schwalbe, who are her sole and only heirs at law.

"3. I find that she left a separate estate and also a community estate with her surviving husband, the principal part of both estates being situated in Coryell County, Texas.

"4. I find that Howard Key, surviving husband of the deceased Bertye Key, was and is qualified to act as administrator of her estates. I further find that the said Howard Key, in a manner provided by law, has waived his right of appointment as such administrator in favor of B. K. Cooper, then Vice-President of the Guaranty Bank & Trust Company, of Gatesville, Texas, and that the said B. K. Cooper is a proper and suitable person. and in no way disqualified to act as administrator of said estates.

"5. I find that Mary Louise Schwalbe is a suitable and proper person and in no way disqualified to act as administratrix of said estates.

"6. I find that there are debts owing and a necessity for administration of said estates.

"Conclusions of Law.

"From the above undisputed facts, I conclude that Howard Key had the right to waive his appointment as administrator of said estates in favor of B. K. Cooper; and B. K. Cooper, having applied for Letters of Administration on said estates, the same should be granted and the judgment of this court certified to the County Court of Coryell County for observance."

"In reaching the above conclusions I have been guided by the following authorities: Art. 3359, Vernons Statutes; Slay v. Davidson, Tex.Civ.App., 88 S.W.2d 650; 13 T.J. p. 661 and p. 666; Stevens v. Cameron, 100 Tex. 515, 101 S.W. 791; Eckeberger v. Stroud, Tex.Civ.App., 103 S.W.2d 803; Kimmons v. Abraham, Tex. Civ.App., 158 S.W. 256."

The judgment of the trial court is assailed substantially on the ground that Howard B. Key, the surviving husband of the decedent, having waived his statutory right to be appointed administrator of the estate, appellant Mary Louise Schwalbe, the daughter, had the legal right, being the next of kin, to receive the appointment.

Appellants adopted the findings of fact made by the trial court but excepted to the conclusions of law therein filed.

Appellants in their brief say in effect that the rule announced by our Supreme Court in Stevens v. Cameron, 100 Tex. 515, 101 S.W. 791, 792, is not in point and is not applicable to the factual situation here because Mrs. Busselle, the widow of deceased, was a non-resident and her son joined with her in waiving her statutory right to qualify as administratrix of her husband's estate; and since her son joined with her, they had a right to designate the person to be appointed under the provisions of art. 3359, supra. We do not so understand the holding in that case. The court, in discussing the question and referring to art. 1916, now art. 3359, supra, said: "This article clearly gave Mrs. Busselle the right to renounce her privilege of administering the estate and of designating the plaintiff in error to be appointed in her stead." It will be observed that the court made no mention of the fact that Mrs. Busselle's son had joined her in this waiver on her designation, and it is our view that the decision of the court was grounded solely on the right of Mrs. Busselle to waive her statutory right to be appointed administratrix and to make her designation.

This court, in Eckeberger v. Stroud, Tex.Civ.App., 103 S.W.2d 803 (in an opinion by the late Chief Justice Gallagher), where the children had waived and by reason thereof a granddaughter sought to be appointed administratrix, made a similar application of the rule announced in Stevens v. Cameron, supra, and in connection therewith cited Kimmons v. Abrams, Tex.Civ.App., 158 S.W. 256, point p. 258, par. 2, and 13 T.J. 666, sec. 8. The effect of this court's opinion in Eckeberger v. Stroud, supra, was to hold that since the children stood in relation to the deceased in the first degree and Mrs. Eckberger stood in relation to the deceased in the second degree, that under the provisions of art. 3357, Vernon's Ann.Civ.Stats., the children came first and that they had the right, under Article 3359, supra, to waive their right and designate Stroud as the administrator.

Under the provisions of Article 3357, supra, the surviving husband had the superior right to the daughter to administer on his widow's estate, and because his right was superior to the daughter, he had the right, under the provisions of said Article 3359, supra, to renounce it in favor of Cooper.

Appellants rely on the case of Dooley v. Dooley, Tex.Civ.App., 240 S.W. 1112. We have considered this case very carefully and find that this was a contest between brothers who stood in the same relation. The trial court in this instance appointed the Houston Land & Trust Company administrator, which was a stranger to the estate, and the appellate court reversed and remanded the cause by reason of the provisions of art. 3358, Vernon's Ann.Civ. Stats., formerly art. 3282, which provides: "When applicants are equally entitled, letters shall be granted to the applicant who, in the judgment of the court, is most likely to administer the estate advantageously, or they may be granted to any

two or three of such applicants." Here we find a situation where the surviving husband stands with a superior right to the daughter under the provisions of art. 3357, supra, and having such right he exercised it under the provisions of art. 3359, supra. This court is bound by the holding of our Supreme Court in Stevens v. Cameron, supra, as well as by the decision of this court in Eckeberger v. Stroud, supra, and by reason thereof further discussion of the cases cited by appellants would be of no avail.

Our view is that the trial court correctly applied the law to the factual situation here presented and that its judgment in so doing must be affirmed.

Accordingly, the judgment of the trial court is affirmed.