**COOPER v. SCHWALBE et al.**

No. 2954.

Court of Civil Appeals of Texas. Waco.

March 29, 1951.

Rehearing Denied April 19, 1951.

Brown & Dickie, Gatesville, for appellant.

T. R. Mears, Gatesville, for appellees.

TIREY, Justice.

This appeal involves a matter in probate. B. K. Cooper, administrator of the estate of Bertye Key, see Schwalbe v. Cooper, Tex. Civ.App., 211 S.W.2d 585, writ ref., seasonably filed his petition in the County Court of Coryell County to close the estate and alleged that he was entitled to statutory commissions for services rendered in the sum of $2072.97. Pertinent to this discussion Mary Louise Schwalbe, joined by her husband, seasonably filed her contest to the final report and contested in part the commission claimed by the administrator. The County Court approved the administrator's final account and allowed his commission in full, and after providing for the payment of court costs and other charges not pertinent here ordered the administrator to deliver the remainder of the estate in his hands, one-half to Howard B. Key, surviving husband, and the other one-half to Mrs. Schwalbe, a daughter. Mrs. Schwalbe, joined by her husband, seasonably perfected her appeal to the district court. On trial the court withdrew the cause from the jury and approved the final account and commission except as to the commission charged by the administrator (and allowed by the County Court) on an item of $9738.-50 paid to satisfy an income tax and lien filed against the property by the Internal Revenue Collector, and entered judgment accordingly. All the parties excepted to the court's action in this behalf and the administrator has perfected his appeal to this court. The action of the court in denying the administrator's claim for commission on the foregoing item presents the sole question before us.

We quote the pertinent parts of the court's findings of fact and conclusions of law:

"I find that B. K. Cooper, acting under this appointment of the Probate Court of Coryell County, Texas, took charge of said estate and administered the same under the directions of the County Court, paying the debts and claims against said estate as set out in his final report which is the subject of this contest.

\* &ast; \* \* \* \*

"I find that there were numerous debts against said estate and that in order to pay the same it became necessary for the administrator to apply to the County Court of Coryell County for an order to sell the real estate belonging to said estate and to obtain funds with which to pay off the indebtedness against the property belonging to said estate, and that he did, on May 27th, 1949,

in the manner provided by law sell the real estate belonging to said estate to Mary Louise Schwalbe, for the sum of Twenty Five Thousand Dollars.

"I further find that on the 18th of December, 1948, Frank Schofield, Collector of Internal Revenue for the First District of Texas, and as the duly authorized agent for the United States Government, filed with the administrator and in the County Court of Coryell County, Texas, a claim for taxes due by the estate of Bertye Key, deceased, the account for such taxes being duly itemized and aggregating a total sum, at the time of filing thereof, of $8,856.39, and providing for interest and penalties, said account being in all things in due form and duly sworn to, and I find that the filing of said account established a debt and lien against the entire property in the estate of Bertye Key, deceased, and was a debt and lien against each specific item of property left by her at the time of her death, under the provisions of sections 3670 and 3671 of the Internal Revenue Code of the United States [26 U.S.C.A. §§ 3670, 3671]." (This claim of the Income Tax Collector was also filed with the County Clerk of Coryell County).

"I find there is no contention made by the amended pleading filed in this cause after the cause had been appealed to this court, contesting any specific item in said account other than the item for commission on the income tax payment as above set out, and I find that the amount paid by the administrator in satisfaction of said income taxes was the sum of $9738.50 and represented the original amount set out in the affidavit and claim of the Collector of Internal Revenue with accrued interest and penalties to date of payment. No other objections or exceptions are leveled against any particular item in said report, other than the general objection that the charges were excessive and unreasonable, and that a charge should not be made for any amount representing the equity of Mary Louise Schwalbe in said land after the payment of the debts, which sum amounted to $3624.49. This being true the court deems further findings of fact are unnecessary." (The

findings of fact are not assailed and the evidence is ample to support the findings of the trial judge. See Cavanaugh v. Davis, Tex.Sup., 235 S.W.2d 972).

## "Conclusions of Law.

"I conclude, as a matter of law, that the administrator in this case is entitled to retain in his possession, under the terms of Article 3689 of the Revised Statutes of this State, a commission of 5% on all sums he has actually received in cash from the sale of the various properties of said estate, and a like sum or percentage on such amounts as he had paid out in said estate, save and except any sums that he has paid to the heirs or beneficiaries of said estate as such, in the distribution of said estate, and except that he is not to be allowed or receive a commission for any sum of money realized from the sale of property belonging to said estate to satisfy debts against the property and the paying out of the proceeds in satisfaction of such debts, if any, except as to the amount realized from the sale in excess of such debt. I conclude that the amount represented by the claim filed by the United States Government, through its Agent and Collector, constituted and was a debt against the land sold by the administrator, and that the administrator sold the same for the purpose of paying said debt, and to the extent of the amount of that debt $9738.50 he would not be entitled to charge or receive any commission, and this item in his account should be rejected. I conclude that the account in all other respects should be allowed and approved. 26 U.S.C.A. § 827; Detroit Savings Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304."

Appellant's points 1 and 2 are:

"Point One. The trial court erred in holding that the $9738.50 income tax claim against Howard Key and wife, Bertye Key, deceased, which was filed with the administrator and paid by him to the Collector of Internal Revenue constituted a debt and lien on each individual piece of property owned by Bertye Key at the time of her death so as to prevent the administrator

584

from retaining in his hands the five percent statutory commission under Art. 3689."

"Point Two. The trial court erred in holding that no commission should be paid the administrator of the Bertye Key Estate on $9738.50 income tax claim against Howard Key and wife, Bertye Key, deceased, which was filed with the administrator and paid by him to the Collector of Internal Revenue, because said claim was a debt 'against the property' and the payment of the claim was 'the paying out of the proceeds in satisfaction of the debt' within the purview of Article 3690."

We are in accord with the conclusion of law of the trial court and by reason thereof points 1 and 2 are overruled. The Supreme Court of the United States in Detroit Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304, has construed the applicable Federal statutes with respect to the matter before us and we are bound by such decision. We think the opinion by the court is clear and comprehensive and comment by us thereon would serve no useful purpose.

Since, under the findings of fact of the trial court and under the doctrine announced by our Supreme Court in the cause cited, the debt in question was established as a debt and lien against the entire property of the Estate of Bertye Key, deceased, our view is that the trial court made the correct application of Art. 3690, Vernon's Ann.Civ.Stats., in holding that the administrator was not entitled to receive a commission on the amount paid to satisfy the claim of the Internal Revenue Collector.

Since the trial court found " * * * there is no contention made by the amended pleading filed in this cause after the cause had been appealed to this court, contesting any specific item in said account other than the item for commission on the income tax payment as above set out * * *" (and so adjudged in the decree), no other question is presented.

Accordingly, the judgment of the trial court is affirmed.