**Doris F. HURY, Pamela F. Hinkley, and Vivian F. Smith, Heirs-At-Law of Hubert Ferguson, Appellants,**

v.

**Mary E. PREAS and the Unknown Heirs of W.B. Ward, Deceased, Appellees.**

**No. 12-82-0165-CV.**

Court of Appeals of Texas, Tyler.

June 28, 1984.

Rehearing Denied Aug. 16, 1984.

William H. Kugle, Jr., Athens, for appellees.

Dan Moore, Athens, for appellants.

COLLEY, Justice.

Plaintiffs/appellants brought this suit to cancel a trustee's sale and conveyance of

an undivided one-sixth interest in 191 acres of land in Henderson County to the predecessors in title of the defendants/appellees. The trial court rendered judgment that plaintiffs take nothing and that defendants recover title and possession to the subject real property. We reverse and render judgment cancelling the trustee's sale and deed in question.

The evidence in this case consists solely of written interrogatories propounded to and answered by the defendant Mary Preas; an affidavit relating to the marital history and heirship of Hubert Ferguson, deceased; probate proceedings in Cause No. 2745 on the docket of the County Court of Henderson County relating to the estate of Hubert Ferguson, deceased; deed of trust executed by Hubert Ferguson to Mack Wallace, trustee for Miller-Ward Machinery Company; appointment of substitute trustee (J. Donald Guinn); substitute trustee's deed from Guinn to Miller-Ward Machinery Company (covering the subject real estate); and probate proceedings in Cause No. A–1850, Estate of J. Bryan Miller, deceased, on the docket of the County Court of Delta County. All of these documents, other than the interrogatories, answers and attachments thereto made by defendant Mary Preas, were attached to plaintiffs' motion for summary judgment filed in this cause on April 2, 1982. The statement of facts in this case, omitting the formal parts, is as follows:

THE COURT: No. 81A–111, Doris F. Hury, et al versus Mary E. Preas, et al.

MR. KUGLE: What we have done if I correctly understand our agreement is agree that all the matters that were considered by the Court on the Motion for Summary Judgment previously filed by the Plaintiffs in this case may be considered in this case and heard on the merits now. That is essentially it, isn't it.

MR. MOORE: Right. The facts in the case are set out in the Motion for Summary Judgment and I suppose we will stipulate that the documents and affidavits attached to the motion are true and correct and are what they purport to be.

MR. KUGLE: Exactly.

In summary, the record presents the following undisputed facts material to our disposition of the points of error urged by the plaintiffs: on the 26th day of October, 1953, Hubert Ferguson, the common source of the disputed title, executed a deed of trust covering the lands in dispute to Mack Wallace, trustee for Miller-Ward Machinery Company as security for the payment of a promissory note in the original principal sum of $2,000.00 due and payable to Miller-Ward Machinery Company within forty-five days from the date thereof. The deed of trust was filed for record on April 6, 1954, and is duly recorded in Vol. 27, page 154 of the Deed of Trust Records of Henderson County. On the 5th day of October, 1954, the substitute trustee, J. Donald Guinn, acting under the powers set forth in the deed of trust, sold the property to Miller-Ward Machinery Company; and on the 8th day of October, 1954, Guinn executed and delivered to Miller-Ward Machinery Company a deed to the property. Such deed was filed for record on October 15, 1954, and is recorded in Vol. 404 at page 237 of the Deed Records of Henderson County. Hubert Ferguson died intestate on December 12, 1953. Thereafter, on December 16, 1953, his surviving wife, Vivian Ferguson, upon her written application, was appointed temporary administratrix of the estate of Hubert Ferguson, deceased, in Probate Cause No. 2745 on the docket of the Henderson County Court. On the same day she qualified as such administratrix by filing her oath and bond. The bond was approved by the county judge.

■ Plaintiffs urge two points of error, claiming that the trial court erred in denying their motion for summary judgment, and in rendering the take-nothing judgment against them because under the undisputed facts, the sale and subsequent deed thereunder by the substitute trustee were void as a matter of law. Defendants argue that

during the intervening ten months from the date of Vivian's appointment on December 16, 1953, and the date of the sale by the trustee on October 5, 1954, the appointment was not made permanent, and therefore no administration was pending at the time of the trustee's sale. Defendants concede in their brief that if under the facts here an administration was pending, the trustee's sale of the property was void. We agree that is the clear rule in this state. The Supreme Court in *Robertson v. Paul*, Civ.St. art. 5561h; Rules of Evid., Rule 510. 16 Tex. 472 (Tex.1856) held that the "opening of the administration suspends the power of sale." This holding was re-affirmed by the Texas Supreme Court in *Pearce v. Stokes*, 155 Tex. 564, 291 S.W.2d 309, 310, 311 (1956).

The order appointing Vivian Ferguson reads in part:

It is ordered that Vivian Ferguson, a person suitable and duly qualified ... is hereby appointed temporary administratrix of the estate of said Hubert Ferguson, deceased, with authority to take possession of all property of said estate; to collect and take charge of all money belonging to said estate ... especially the payment of community debts ... to pay any debts owed by said Hubert Ferguson at the time of his death....

It is further ordered ... that this appointment shall be in effect until said administratrix pays such community debts, and receives such assets of Hubert Ferguson's estate, and, unless the same is contested on the first Monday after the service of citation had or is perfected shall become permanent, provided the court is of the opinion that a permanent administratrix is necessary.

No proceedings were ever had in the cause other than the ones mentioned above. Defendants argue that because no permanent administration was granted in Ferguson's estate, no administration was pending on the date of the Trustee's sale under the deed of trust. Said another way, defendants contend that the temporary administration terminated at some point in time (not specified in the argument), because no permanent administration was ever granted. This argument is not supported by any cited authority.

The probate statutes applicable to the facts of this case were set forth in Title 54, Estate of Decedents, ch. 7, Temporary Administration, of the Texas Revised Civil Statutes Ann. arts. 3373–3381 (see appendix to Vol. 17C, Texas Probate Code [Vernon 1980]).

■ Such body of law authorized the appointment of temporary administrator and art. 3375 provided in essence that the order appointing the temporary administrator state that "... unless the same is contested at the next regular term of the court, after service of citation, the same shall be made permanent, provided the court is of the opinion that a permanent administrator is necessary." Article 3376 required the clerk to issue a citation following the temporary appointment so that if the court deemed it necessary it could appoint a permanent representative of the estate. Article 3379 limited the "rights and powers" of the temporary representative to those granted by the order of appointment. Such former probate laws did not impose a time limitation on the continuance of the temporary administration. We do not read the language of art. 3375 as providing that the failure of a probate judge to appoint a permanent administrator following his appointment of a temporary administrator terminates the temporary administration. In coming to this conclusion, we are guided by the rules set forth in *Jacobs v. Stanford*, 283 S.W. 540, 541 (Tex. Civ.App.—El Paso 1926, no writ), which we deem to be directly in point. See also *Eckeberger v. Stroud*, 103 S.W.2d 803, 804 (Tex.Civ.App.—Waco 1937, no writ). Plaintiffs second point is sustained.

We hold that the opening of the administration of the estate of Hubert Ferguson on December 16, 1953, suspended the power of sale granted in the deed of trust to Mack Wallace, trustee for Miller-Ward Machinery Company, and that such power remained suspended by the still pending administration on the date of the purported

sale on October 5, 1954; and that the sale and conveyance of the subject property by the substitute trustee to Miller-Ward Machinery Company were and are void. Therefore, we reverse the judgment of the trial court, and here render judgment cancelling and setting aside the trustee's deed from J. Donald Guinn, Substitute Trustee, to Miller-Ward Machinery Company, dated October 8, 1954, recorded in Vol. 404, p. 237 of the Henderson County Deed Records. All costs in this court and the court below are assessed against the defendants.